IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. 4:18-cr-171 |
| Plaintiff, | : | |
| vs. | : | DEFENDANT'S MOTION TO SUPPRESS |
| VINCENT MITCHELL BALLARD, | : | |
| Defendant. | : | |

COMES NOW, Defendant, VINCENT MITCHELL BALLARD, by and through his attorney, F. Montgomery Brown, of the F.M. Brown Law Firm, P.L.L.C. and respectfully moves this Court to suppress all physical evidence and statements by Defendant arising out of warrantless entry and search of his home on July 24, 2018 in violation of the Fourth Amendment, and in support thereof states:

1. Defendant is charged by Indictment with Possession with Intent to Distribute Methamphetamine on July 24, 2018.

2. On July 24, 2018, the Des Moines Police Department had knowledge that there was an active arrest warrant for Defendant's arrest for the state charge of Driving While Barred, an aggravated misdemeanor under state law.

3. Surveillance was conducted on Defendant's residence at 2005 27th Street, Des Moines, Iowa on July 24, 2018 by one or more officers and a "pole camera".

4. On July 24, 2018 a team of DMPD raced to Defendant's residence as he was observed in the company of others on his front stoop.

5. As the team began to arrive in separate cars, Defendant retreated into his home.

6. The front door was physically locked and breached by force.

7. The DMPD did not possess a warrant to enter much less search the home.

8. During the course of allegedly searching for Defendant in the home, an officer looked under a bed in the basement and purportedly saw methamphetamine in a baggie under the bed. As the slot between bed and floor was quite narrow, no adult male could hide under the bed.

9. Defendant was later found in the basement hiding behind a bar.

10. Defendant contends that the entry and search of his residence to effectuate a misdemeanor arrest and subsequent discovery of alleged incriminating evidence and interview of Defendant inside his home occurred in violation of his Fourth amendment rights.

## MEMORANDUM OF LAW

The Supreme Court has held in *Payton v New York*, 445 U.S. 573(1980) that the Fourth Amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. See also *Steagald v. United States*, 451 U.S. 204 (1981). While the DMPD may claim "hot pursuit", See *United States v. Santana*, 427 U.S. 38, 42 (1976), the objective of the arrest was to arrest Defendant for Driving While Barred and as such there was not sufficient cause to believe Defendant could destroy evidence relating to the purpose of that arrest. *Welsh v Wisconsin*, 466 U.S. 740 (1984). The indirect fruits of the unreasonable and unlawful entry and search of Defendant's residence should be suppressed because they bear sufficiently close relationship to the underlying illegality. *Wong Son v. United States*, 371 U.S. 471 (1963).

WHEREFORE, Defendant respectfully prays this Court, following evidentiary hearing, suppress all physical evidence and statements made by Defendant on July 24, 2018.

____S/F. Montgomery Brown____
F. MONTGOMERY BROWN    AT0001209
F.M. BROWN LAW FIRM, P.L.L.C.
1001 Office Park Road, Suite 108
West Des Moines, Iowa 50265
Telephone: (515) 225-0101
Facsimile: (515) 225-3737
Hskrfan@fmbrownlaw.com
ATTORNEY FOR DEFENDANT

Original Filed.

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA-CENTRAL DIVISION

CERTIFICATE OF SERVICE

I hereby certify that on the 10th Day of October, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Copies to:

Kristin M. Herrera
Assistant United States Attorney
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309
kristin.herrera@usdoj.gov