IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION


- - - - - - - - - - - - X
UNITED STATES OF AMERICA, :
                              :
      Plaintiff,              :
                              :
vs.                           :      Case No. 4:18-cr-00171
                              :
VINCENT MITCHELL BALLARD,  :      <u>PLEA HEARING TRANSCRIPT</u>
                              :
      Defendant.              :
- - - - - - - - - - - - X


                         Courtroom, Fourth Floor
                         U.S. Courthouse
                         123 East Walnut Street
                         Des Moines, Iowa
                         Tuesday, December 18, 2018
                         2:37 p.m.


BEFORE:  THE HONORABLE CELESTE F. BREMER, Magistrate Judge.


APPEARANCES:

For the Plaintiff:       RYAN W. LEEMKUIL, ESQ.
                         United States Attorney's Office
                         U.S. Courthouse Annex
                         110 East Court Avenue, Suite 286
                         Des Moines, Iowa  50309


For the Defendant:       F. MONTGOMERY BROWN, ESQ.
                         F. Montgomery Brown Law Firm, P.L.C.
                         1001 Office Park Road, Suite 108
                         West Des Moines, Iowa  50265




                  KELLI M. MULCAHY, CSR, RDR, CRR
                     United States Courthouse
                  123 East Walnut Street, Room 115
                       Des Moines, Iowa 50309

1    P R O C E E D I N G S

2         (In open court, with the defendant present.)

3         THE COURT:  Please be seated.

4     This is 4:18-171, United States vs. Vincent Mitchell

5  Ballard.  Mr. Ballard appears with counsel.

6     Mr. Ballard, I'm Judge Bremer.  I can do this hearing today

7  with your permission.  You've signed a consent form, as have

8  both attorneys.  I'm not the judge who has anything to do with

9  the sentencing.  I'm not the judge who would try this case.

10    My job would be to ask you some questions to make sure you

11 know and understand what you're charged with and what you're

12 pleading guilty to, you know the rights you have and the rights

13 you're giving up.  I need to find that this is voluntary on your

14 part and that there's a factual basis for this plea.

15    Now, I know that you've gone over the plea agreement with

16 your attorney, and I just get to do that again and make a record

17 on it.  So do you understand that?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  All right.  And before sentencing, there

20 will be a presentence investigation.  You'll get a chance to see

21 that.  There will be some deadlines for you to file any

22 objections or corrections.

23    You also have the right at sentencing to talk directly to

24 the sentencing judge yourself, you never give that right up, or

25 have your lawyer say what you want him to say or even put on

1  evidence or testimony.  So, again, that's a separate procedure

2  with different findings and a different judge.

3      I will ask you some questions today about the facts of this

4  case, and under this plea agreement, you're waiving your rights

5  under the rules of evidence so any statements that you make

6  under this plea agreement could be used against you if you were

7  to attempt to withdraw your plea or have this conviction set

8  aside.

9      So before I ask you these questions, I'll have the clerk

10 place you under oath or affirmation.

11         THE DEPUTY CLERK:  Please stand and raise your right

12 hand.

13         VINCENT MITCHELL BALLARD, DEFENDANT, SWORN

14         THE DEPUTY CLERK:  Thank you.  You can be seated.

15         THE COURT:  All right.  And while you're under oath or

16 affirmation, then the Government could always charge you with

17 perjury if they think you lied.  Do you understand that?

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:  Okay.  Tell me how old you are.

20         THE DEFENDANT:  I'm 36.

21         THE COURT:  And how far did you go in school?

22         THE DEFENDANT:  Eleventh grade.

23         THE COURT:  And where was that?

24         THE DEFENDANT:  Hoover High School in Des Moines,

25 Iowa.

4

1          THE COURT:  All right.  Thanks.  And is English your

2  first language?

3          THE DEFENDANT:  It is.

4          THE COURT:  Were you able to read both the charge --

5  And that was the indictment that was filed in August.  In this

6  indictment, you're the only defendant, and there's one count,

7  and you're charged with possession with intent to distribute

8  methamphetamine in violation of Title 21, United States Code,

9  Sections 841(a)(1) and 841(b)(1)(C).

10      So did you read the indictment?

11          THE DEFENDANT:  I did.

12          THE COURT:  And the plea agreement?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  The Government also filed what's called an

15  enhancement information, and this is under particular code

16  section that's 21, United States Code, Section 851(a)(1).

17  Sometimes this is just called an 851 notice.  When they filed

18  this notice, it puts the Court on notice that you have a prior

19  drug felony conviction.  And the one that they were referring

20  was from January of 2013 in the Iowa District Court for Polk

21  County.  Because of that, they would tell the Court that the

22  penalty here in this charge should then be increased.

23      So I know as part of the plea agreement the Government's

24  going to withdraw that notice, but that has been filed, and so

25  that's here in the record.

1      At all points in this case, you're entitled to have an

2  attorney, including court-appointed counsel if you cannot afford

3  an attorney.  That will be today, that would be at sentencing,

4  or it would be at trial.

5      So have you had a chance to review all of this with your

6  attorney?

7              THE DEFENDANT:  I have.

8              THE COURT:  And are you satisfied with the advice he's

9  given you?

10             THE DEFENDANT:  I am.

11             THE COURT:  If at any time today you can't hear me or

12  the question doesn't make sense or you just want a minute to

13  talk to your lawyer, just say stop, and we will, okay?

14             THE DEFENDANT:  Okay.

15             THE COURT:  All right.  Now, part of my job is to make

16  sure that anybody who is going to enter a plea is thinking

17  clearly and understands the consequences, so I have to ask, are

18  you under the influence of any alcoholic beverages?

19             THE DEFENDANT:  I am not.

20             THE COURT:  Thank you.

21      What about any medicine?  Do you take any prescription

22  drugs, over-the-counter drugs, street drugs, any food that acts

23  like medicine?

24             THE DEFENDANT:  No.

25             THE COURT:  No prescriptions?

1      THE DEFENDANT:  No.

2      THE COURT:  Okay.  Do you have any illness or

3  condition that would make it hard for you to think clearly?

4      THE DEFENDANT:  No.

5      THE COURT:  And do you have any history or treatment

6  for any mental illness or mental disorder?

7      THE DEFENDANT:  No.

8      THE COURT:  Now, in any case, it's always the

9  Government's job, it's their burden of proof, to show each and

10 every element beyond a reasonable doubt.

11    So what would the Government have to prove here?

12     MR. LEEMKUIL:  The Government would have to prove on

13 Count 1, possession with intent to distribute methamphetamine,

14 the following elements:  One, on or about the date charged the

15 defendant possessed a mixture and substance containing

16 methamphetamine; two, the defendant knew he possessed

17 methamphetamine; and, three, the defendant intended to

18 distribute some or all of the methamphetamine to another person.

19     THE COURT:  All right.  So do you understand what the

20 Government would have to charge -- or prove here?

21     THE DEFENDANT:  Yes.

22     THE COURT:  Okay.  And then what are the possible

23 penalties if convicted?

24     MR. LEEMKUIL:  The maximum penalty for this offense is

25 up to 30 years' imprisonment.  There is also a maximum fine not

1    to exceed $2 million or both a fine and imprisonment.  Defendant

2    will also be subject to a mandatory $100 special assessment, and

3    there will be six years of supervised release and up to life.

4    And there is no mandatory minimum sentence of imprisonment in

5    this case.

6           THE COURT:  All right.  And then so the defendant is

7    going to stipulate to the enhancement under the 851 notice, the

8    Government's not withdrawing that, correct?

9           MR. LEEMKUIL:  That's right, Your Honor.

10           THE COURT:  All right.  So, I'm sorry, Mr. Ballard, I

11    got ahead of myself there.  So the Government is relying on the

12    851 notice.  They are not withdrawing it.  So that does let the

13    Court consider an enhancement under Section 841(b)(1)(C) of the

14    sentence.  So do you understand that?

15           THE DEFENDANT:  Yes, I do.

16           THE COURT:  Okay.  Thank you.

17           MR. BROWN:  Yes, Your Honor.  Originally it was zero

18    to 20, and they filed the enhancement, and that increases the

19    back end by 10.

20           THE COURT:  Right.

21           MR. BROWN:  But the Government agreed not to do a

22    superseding that could have applied a ten-your mandatory minimum

23    as part of this deal.

24           THE COURT:  All right.  So that was the missing piece.

25           MR. BROWN:  Right.

1           THE COURT:  All right.  Thank you.

2       So the Government is relying on the 851 notice.  The

3   Government says it's not going to charge you any further or, as

4   your attorney said, file a superseding or a different indictment

5   based on the facts of this case.

6       The Government can always charge you with a crime of

7   violence if they think you're involved in that.  They can always

8   charge you with any crime that happened after today.  As I

9   mentioned, they can always charge you with perjury if they think

10  you lied while you were under oath.  And if you had any

11  obligation to disclose a criminal offense to the Government and

12  you did not fully disclose that, then they could rely on that

13  information to charge you with that offense.

14      So do you understand that part of the plea agreement?

15          THE DEFENDANT:  I do.

16          THE COURT:  All right.  And, again, just so we're all

17  clear, so I'm clear, this has a maximum sentence of up to 30

18  years in prison, and do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  And a maximum fine of $2 million and a

21  term of supervised release of at least six years and up to life.

22  And supervised release means that if you serve time in prison

23  and then you're released, you're under the supervision of our

24  probation office.  And I believe you've done that before,

25  correct?

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  And that if you were to violate a

3  condition of supervised release, you could be sentenced back to

4  prison for up to three years, and you would not get credit for

5  time served.

6      Then there's a $100 special assessment, and that goes to

7  the crime victim fund, and that's typically paid before

8  sentencing, although part of the presentence will be a financial

9  statement so the judge will know what your circumstances are.

10     Now, if you want, you can have the Government prove its

11 case at a trial.  That's their job.  They'd have to show each

12 and every element beyond a reasonable doubt.

13     At a trial you'd have the assistance of counsel, including

14 court-appointed counsel, if necessary.  It's a jury trial.

15 You'd get to see who served on the jury, and your attorney could

16 ask questions to make sure that they were qualified.

17     It's a speedy trial in the sense there are certain

18 deadlines we have to meet.  Everything happens in public, and it

19 happens in front of you, and you can see all the rulings and

20 hear the testimony.

21     You have the presumption of innocence, and it's the

22 Government's job to show each and every element beyond a

23 reasonable doubt.

24     You'd see the Government witnesses and any exhibits, and

25 your attorney could cross-examine those witnesses.  If you

1  wanted people to come here to testify, we'd issue subpoenas or

2  orders to tell people to come here.

3       Then if you wanted to testify, you could, but you don't

4  have to, and if you chose not to testify, nobody could comment

5  on that.  The burden of proof always stays on the Government.

6       So after all the evidence is in, the judge would tell the

7  jury what the law was or what those elements of the offense

8  were.  Then the attorneys would argue about whether the facts of

9  this case met those legal requirements.  Then the jury would

10  have to go deliberate.  They could not return a guilty verdict

11  unless all 12 agreed unanimously that the Government had done

12  its job and met its burden of proof.  Then you'd have certain

13  rights to appeal everything that happened before and during the

14  trial.

15       So if you enter a guilty plea to this felony, there is no

16  trial, and the next thing that happens is sentencing.  Do you

17  understand that?

18            THE DEFENDANT:  Yes, ma'am.

19            THE COURT:  You also do not have the right to withdraw

20  your plea so you can't take the plea back and ask to go back to

21  the trial list.  Do you understand that?

22            THE DEFENDANT:  Yes.

23            THE COURT:  And, again, at the time of sentencing, the

24  judge has to think about the nature of the offense to which

25  you're pleading guilty; your role in the offense; whether you

1 attempted to obstruct justice in the investigation or

2 prosecution of the offense; the nature and extent of your

3 criminal history, so that's not only the prior drug felony

4 conviction that's in the 851 notice, but that would be any

5 felony or any convictions that are in your criminal history; and

6 your acceptance or lack of acceptance of responsibility.

7      Then all those factors are organized in the presentence

8 investigation and in any other information you provide the

9 Court.  Then the Court will look at the sentencing guidelines,

10 including this enhancement provided by 851, and then decide

11 where in the guideline range to either depart upward or downward

12 and provide whatever sentence the judge believes is required.

13      Now, here, under the plea agreement, the Government agrees

14 that you should get credit for acceptance of responsibility.  So

15 if your base offense level is 16 or above on the sentencing

16 guidelines, then the Government will recommend that you get a

17 three-level reduction for getting your plea in on time.

18      In addition to all your trial rights, you're waiving or

19 giving up your appeal rights so you're waiving your right to

20 appeal this conviction.  You're waiving any motions, defenses,

21 or objections you could have asserted to the charges -- or the

22 charge and to the entry of judgment against you.

23      You and the Government are keeping your right to appeal any

24 sentence to the extent that kind of appeal is authorized.

25 You're also giving up your right to challenge the conviction not

1 only by direct appeal but by post-conviction relief or habeas

2 corpus, and the only way you could file that kind of challenge

3 would be to say you had ineffective assistance of counsel or

4 there was prosecutorial misconduct.

5      That's a very difficult standard to meet, so you're really

6 giving up your right to challenge the conviction.  Do you

7 understand that?

8           THE DEFENDANT:  I do.

9           THE COURT:  Okay.  Has anyone made any threats or

10 promises in order to get you to plead guilty?

11           THE DEFENDANT:  No.

12           THE COURT:  Okay.  Now, we talked about the fact that

13 the facts -- the factual statements or stipulations that you

14 make in the plea agreement I need in order to find that there's

15 a factual basis for the plea.  The sentencing judge can rely on

16 them, and they can impact the sentence.

17      One of the factors is the quantity of drugs, and here, on

18 page 4, under paragraph 13, you and the Government are

19 stipulating or agreeing that this offense involved at least

20 47.26 grams of a mixture and substance containing

21 methamphetamine.  And do you make or agree to that stipulation?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Now, the total quantity of methamphetamine

24 or a mixture and substance containing methamphetamine that's

25 attributable to you, and that will impact the sentence, will be

1  determined by the sentencing judge at the time of sentencing.

2  Do you understand that?

3            THE DEFENDANT:  Yes.

4            THE COURT:  And then on page 3, under paragraph 9,

5  there are some facts that are the basis for this plea, and I'll

6  ask if you admit to these facts.

7       Do you admit that on July 24th, 2018, there was a search

8  warrant executed at your home in Des Moines, Iowa?

9            THE DEFENDANT:  Yes.

10           THE COURT:  And during the execution of the search

11  warrant at your residence, officers located approximately 47.26

12  grams of a mixture and substance containing methamphetamine; is

13  that true?

14           THE DEFENDANT:  Yes.

15           THE COURT:  They also located digital scales, drug

16  packaging material, and drug paraphernalia; is that true?

17           THE DEFENDANT:  Yes.

18           THE COURT:  And so on July 24th, 2018, you knowingly

19  possessed this methamphetamine that was found at your home; is

20  that true?

21           THE DEFENDANT:  Yes.

22           THE COURT:  And you intended to distribute some or all

23  of this methamphetamine to other people; is that true?

24           THE DEFENDANT:  Yes.

25           THE COURT:  And you stipulate or agree that the

14

1 attorneys would tell you that Des Moines is in the Southern

2 District of Iowa; is that true?

3          THE DEFENDANT:  Yes, it is.

4          THE COURT:  Okay.  On page 10, the last page of the

5 plea agreement, there's a part where you signed it; is that

6 correct?  Did you sign this plea agreement?

7          THE DEFENDANT:  I did.

8          THE COURT:  And did you read it before you signed it?

9          THE DEFENDANT:  Yes, I did.

10          THE COURT:  And did you review it with your attorney

11 before you signed it?

12          THE DEFENDANT:  Yes.

13          THE COURT:  All right.  So are you satisfied that you

14 understand the terms of the plea agreement?

15          THE DEFENDANT:  Correct.

16          THE COURT:  Okay.  Is there anything else we need to

17 cover for the Government?

18          MR. LEEMKUIL:  No, Your Honor.

19          MR. BROWN:  No, Your Honor.

20          THE COURT:  All right.  And, again, Mr. Brown, you

21 mentioned one of the other factors is the Government agreed not

22 to file the superseding indictment, but you understand they are

23 relying on the 851 notice, and are you satisfied that you've

24 seen the discovery material and had the basis to advise your

25 client as to what to do?

1        MR. BROWN:  Yes, Your Honor.

2        THE COURT:  All right.  So, Mr. Ballard, thinking

3   about all the rights you have and all the rights you're giving

4   up and all the consequences of entering a plea to this felony,

5   how do you plead to Count 1 of the indictment, which is

6   possession with intent to distribute methamphetamine, guilty or

7   not guilty?

8        THE DEFENDANT:  Guilty.

9        THE COURT:  Thank you.

10      I'm going to do a report and recommendation that this plea

11  be accepted.  I find that it is knowing and voluntary, there is

12  a factual basis for each of the essential elements of Count 1.

13  Defendant understands the terms of the plea agreement and agrees

14  to be bound by them.

15      He will remain in custody pending sentencing.  We have set

16  the sentencing date, and the presentence investigation has been

17  ordered.

18      And that's all we have to do in this case, correct?

19      Sentencing date is May 2nd at 11:15 a.m.  I'm sorry if I

20  didn't say that.  And that's before Judge Gritzner.

21      Okay.  All right.  Anything else?

22       MR. BROWN:  No, Your Honor.  Thank you very much.

23       MR. LEEMKUIL:  No, Your Honor.  Thank you.

24       THE COURT:  All right.  Thank you.

25       (Proceedings concluded at 2:54 p.m.)

1        C E R T I F I C A T E

2        I, Kelli M. Mulcahy, a Certified Shorthand Reporter of the

3  State of Iowa and Federal Official Realtime Court Reporter in

4  and for the United States District Court for the Southern

5  District of Iowa, do hereby certify, pursuant to Title 28,

6  United States Code, Section 753, that the foregoing is a true

7  and correct transcript of the stenographically reported

8  proceedings held in the above-entitled matter and that the

9  transcript page format is in conformance with the regulations of

10  the Judicial Conference of the United States.

11        Dated at Des Moines, Iowa, this 3rd day of June, 2019.

12

13

14                         /s/ Kelli M. Mulcahy
                           Kelli M. Mulcahy, CSR, RDR, CRR
15                         Federal Official Court Reporter

16

17

18

19

20

21

22

23

24

25