IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

- - - - - - - - - - - - - - X
UNITED STATES OF AMERICA, :
                          :
    Plaintiff,            :
                          :
vs.                       :       Case No. 4:18-cr-00171
                          :
VINCENT MITCHELL BALLARD, :       SENTENCING HEARING TRANSCRIPT
                          :
    Defendant.            :
- - - - - - - - - - - - - - X

                        Courtroom, Second Floor
                        U.S. Courthouse
                        123 East Walnut Street
                        Des Moines, Iowa
                        Wednesday, May 8, 2019
                        10:03 a.m.

BEFORE:   THE HONORABLE JAMES E. GRITZNER, Senior Judge.


APPEARANCES:

For the Plaintiff:        KRISTIN M. HERRERA, ESQ.
                          United States Attorney's Office
                          U.S. Courthouse Annex
                          110 East Court Avenue, Suite 286
                          Des Moines, Iowa  50309

For the Defendant:        F. MONTGOMERY BROWN, ESQ.
                          F. Montgomery Brown Law Firm, P.L.C.
                          1001 Office Park Road, Suite 108
                          West Des Moines, Iowa  50265




                KELLI M. MULCAHY, CSR, RDR, CRR
                    United States Courthouse
            123 East Walnut Street, Room 115
                 Des Moines, Iowa 50309

P R O C E E D I N G S

(In open court, with the defendant present.)

THE COURT:  Take a seat, please.

We are convened in the matter of the United States vs. Vincent Mitchell Ballard, Criminal No. 18-171, for purposes of sentencing as a result of Mr. Ballard's plea to Count 1, possession with intent to distribute a mixture and substance containing methamphetamine.

Mr. Ballard, do you understand, sir, that you're here now for sentencing as a result of your plea?

THE DEFENDANT:  Yes, sir.

THE COURT:  Is your plea still guilty, sir?

THE DEFENDANT:  Yes, sir.

THE COURT:  Counsel, is there any legal reason why sentence could not be pronounced today?

MS. HERRERA:  No, Your Honor.

MR. BROWN:  No, Your Honor.

THE COURT:  I have reviewed the Presentence Investigation Report and related materials, the memoranda of counsel.  I have also had the opportunity to review a number of letters, including yours, Mr. Ballard, which I appreciated receiving.

THE DEFENDANT:  Thank you.

THE COURT:  I have read all of those.

And for those of you in the courtroom that may have written

1  one of those, thank you.  They are very helpful to the Court in
2  what is always a very difficult situation.
3       Based upon my review of all of that material, I accept the
4  plea agreement and agree to be bound by that agreement.  I find
5  the count to which the defendant pled adequately reflects the
6  seriousness of the offense behavior, and I find the plea
7  agreement is in the public interest and in the interest of
8  justice.
9       Has the Government had the opportunity to review the final
10 Presentence Investigation Report?
11           MS. HERRERA:  Yes, Your Honor.
12           THE COURT:  Do you find any factual error in the
13 report?
14           MS. HERRERA:  No, Your Honor.
15           THE COURT:  Mr. Brown, have you had the opportunity to
16 review that report?
17           MR. BROWN:  Yes, Your Honor.
18           THE COURT:  And, Mr. Ballard, did you read the
19 Presentence Investigation Report yourself?
20           THE DEFENDANT:  Yes, Your Honor.
21           THE COURT:  Have you had a full opportunity to discuss
22 the contents with Mr. Brown?
23           THE DEFENDANT:  Yes, sir.
24           THE COURT:  Mr. Brown, do you find any factual error
25 in the report?

1         MR. BROWN: No factual errors, Your Honor, no.

2         THE COURT: You did have a couple of objections to the
3 calculation of the guideline range; first of all with regard to
4 the amount of methamphetamine and then the two-level enhancement
5 with regard to maintaining a drug premises.

6     As you have indicated in your materials, because this case
7 does involve a career offender designation, that would overwhelm
8 the consideration of those other issues. Do you still maintain
9 that position, and, if so, do you think the Government needs to
10 provide any evidence to support them?

11         MR. BROWN: We still maintain that position, but we do
12 not believe the Government would need to put any evidence on
13 regarding those matters, Your Honor.

14         THE COURT: Do you agree that because of the career
15 offender they basically are absorbed?

16         MR. BROWN: Yes.

17         THE COURT: All right. For those of you in the
18 courtroom today that are not familiar with this process, in the
19 federal courts we use a guideline sentencing system that takes
20 into consideration the specific nature of the offense. It also
21 takes into consideration the history of the defendant, and it
22 further takes into consideration some factors that enhance the
23 range of the sentence that is exposed.

24     We use that guideline range as one factor to consider in an
25 effort to reach some level of consistency from one case to

1  another, but every case is judged on its own, and that is the
2  way the court proceeds.
3      Under the circumstances now on the record we've just made,
4  the Court finds that this case presents with an Offense Level
5  31, a Criminal History Category VI.  That provides the Court
6  with a guideline sentencing range of 188 to 235 months.
7      With that, Mr. Brown, of course, I've read your memorandum,
8  but your further thoughts as to what would be an appropriate
9  sentence.
10          MR. BROWN:  Thank you, Your Honor.
11     As I pointed out, in the absence of the prior state drug
12 felony conviction involving apparently 1.5 grams of
13 methamphetamine, which I find pretty specious to support a
14 felony in the absence of other evidence of the attempt to
15 distribute, but nevertheless he was convicted of that, but in
16 the absence of that his guideline range is essentially half as
17 much as what the career offender guidelines recommend.
18     I believe in this particular case the career offender
19 guidelines can produce a substantively unreasonable sentence,
20 and we've asked the Court to vary downward.  Clearly,
21 Mr. Ballard, for all the 3553(a) factors, needs punishment, but
22 he needs help, and it appears that, at least in this particular
23 case, much of his conduct appears to be a mixture of user-driven
24 behavior.
25     So for those reasons, we've asked the Court to impose a

1 sufficient but not greater than necessary sentence of 98 months.
2        THE COURT:  All right.  Thank you, counsel.
3    Mr. Ballard, you have the right to speak to the Court
4 yourself today if you want, and if you've got something you'd
5 like to say, I'd be glad to hear from you.
6        THE DEFENDANT:  Absolutely.  Thank you, Your Honor.
7        THE COURT:  Certainly.
8        THE DEFENDANT:  First of all, I'd like to thank
9 everybody for their time today:  Your Honor; the court; the U.S.
10 Attorney; my attorney, Monty.  I want to thank everybody for
11 their time.
12    My family, for showing up, I love you guys.
13    And I'd also like to apologize for taking everybody's time.
14 I know that if it weren't for my poor decisions and everything
15 that led me up to this point, we could all be saving this time
16 right here today.
17    I know that where I'm at in this circumstance and my
18 offense doesn't define who I am.  I know I'm a son, I'm a
19 father, I'm a leader, I'm a friend, I'm a brother, I'm an uncle,
20 and what's on paper doesn't -- it just can't capture, you know,
21 who I am as a person and what's in my heart.
22    I know that being a drug user and being involved in that
23 wasn't anything I ever aspired to be, you know.  Growing up,
24 it's not like I said that that's what I wanted to become, you
25 know.  And I'm ashamed of and I feel guilty for everything that

1  I've done.
2       They say my offense is a victimless crime, but I know
3  that's not the case.  I know that I've got eight victims sitting
4  back here, you know.  I know my daughter, she's beautiful, she's
5  a blessing, and I know that I'm not going to watch her graduate.
6  So I've created a lot of victims, and I'm sorry.
7       I'm sorry for that.  I love you all.  I love you.
8       I'm sorry.  I need a second.
9       I never intended for any of that to happen.  And I was
10 doing so well.  I just hate the fact that I let everybody down.
11      I love you guys so much, and I'm glad you guys are here for
12 me, and I know I'm going to be all right because I got you.  So
13 I love you.
14           UNIDENTIFIED SPECTATOR:  We love you too.
15           THE DEFENDANT:  Your Honor, thank you for your time
16 and thank you for all your consideration.  That's all I have.
17           THE COURT:  Thank you, sir.
18      Just for the record, my lawyer reminds me I may not have
19 said that I accept the Presentence Investigation Report as
20 factual findings for our purposes here today.
21      The Government's view on the sentence, please.
22           MS. HERRERA:  Thank you, Your Honor.
23      The Government relies primarily on the sentencing
24 memorandum it filed in this case.  However, just to summarize
25 some of the argument made in that sentencing memorandum, the

1  Government believes the guidelines appropriately address all of
2  the aggravating and mitigating factors that are present in this
3  case.
4      The career offender guidelines are appropriate here.
5  Defendant is the epitome of a career offender.  He has a
6  lengthy, serious, and dangerous criminal history that includes a
7  prior federal gun crime in this district, as well as multiple
8  instances of fleeing from law enforcement officers, assaulting
9  police officers, including once while he was actually in a
10 courtroom, and drug- and fraud-related crimes.
11     Defendant's criminal history began at an early age, age 13,
12 and has only ceased for significant periods of time when he was
13 incarcerated.  He has amassed a whopping 25 criminal history
14 points, which is 12 points above the number required for the
15 highest criminal history category in the manual.
16     Although Defendant argues what he really needs is
17 treatment, he has twice been given that chance to participate
18 and was unsuccessfully discharged.  Additionally, he was
19 previously on federal supervised release, which is perhaps one
20 of the highest levels of supervision that is available to
21 criminal defendants.  And this is especially true considering he
22 was ordered to participate in the re-entry court, which is an
23 extremely intensive program that was offered at one time in this
24 district.
25     Even the highest level of supervision and services that

1  were offered and provided to the defendant failed to change his
2  behavior.  He has continued using drugs, continued committing
3  crimes, and is once again back in federal court.
4        What the Government believes we need here is not only
5  treatment but incapacitation of the defendant to prevent him
6  from committing additional crimes.  The community needs
7  protection from him, and a significant sentence within the
8  guideline range is warranted here.
9        Thank you.
10             THE COURT:  All right.  Thank you, counsel.
11       Pursuant to the provisions of Title 18, United States Code,
12 Section 3553, in determining the sentence that is appropriate,
13 the Court considers the nature and circumstances of the offense
14 and the history and characteristics of the defendant.  I have
15 considered all of the factors under Section 3553(a), although it
16 will not be necessary to explain all of them -- excuse me -- it
17 will not be necessary for me to explain all of them in the
18 process of explaining the sentence today.
19       Mr. Ballard, of course, this all starts with the
20 seriousness of the offense.  I very much appreciated both your
21 letter and also your comments today that it is not a victimless
22 crime.  And the irony is that you are one of the victims in the
23 sense that this habit has gotten you into a very bad place and
24 it has for a long period of time.
25       Mr. Brown has raised a number of very valid arguments on

1  your behalf, no question about that, and I do not underestimate
2  at all the impact that the addiction has on all of this
3  behavior.
4      At the same time, I have to consider all of these factors.
5  That includes both the seriousness of the offense and the need
6  to protect the public from further crimes that you might commit.
7  While I would hope that you're to the point where you're getting
8  weary of this process and you're beyond it all, this is an
9  unfortunate criminal history.  It's pretty substantial, even
10 compared to some of the histories that I see, and so that
11 suggests to me that that's a serious concern.
12     I do have to keep in mind pertinent policy statements of
13 the Congress, of the Sentencing Commission, and the career
14 offender guideline is one of those.  And I need to provide a
15 sentence that avoids unwarranted sentencing disparity among
16 defendants with similar records who have been found guilty of
17 similar conduct.
18     Given this history, it's just difficult for the Court to
19 vary.  At the same time, I am satisfied that a sentence at the
20 bottom of the range is certainly sufficient but not greater than
21 necessary under all the circumstances of this case, and the
22 Court is compelled, under this criminal history particularly and
23 the seriousness of the offense, to sentence on that basis.
24     Will the defendant please rise.
25     Based upon the Court's review of the criteria set forth in

Case 4:18-cr-00171-JEG-CFB   Document 69   Filed 06/04/19   Page 11 of 13

11

1  Title 18, United States Code, Section 3553 and the unique
2  circumstances of this case, it is the judgment of the Court that
3  the defendant, Vincent Mitchell Ballard, is hereby sentenced to
4  the custody of the Bureau of Prisons for a term of 188 months on
5  Count 1 of the indictment to be served consecutively to the
6  undischarged term of imprisonment in Iowa District Court for
7  Polk County Docket No. FECR317701.
8       Upon release from imprisonment, you'll be placed on
9  supervised release for a term of six years.  Within 72 hours of
10 release from the custody of the Bureau of Prisons, you are to
11 report in person to the probation office in the district to
12 which you've been released.
13      While you're on supervised release, you're not to commit
14 another federal, state, or local crime.  You'll be prohibited
15 from possessing a firearm or other destructive device, and you
16 shall not possess any prohibited controlled substances.
17      You shall abide by the standard conditions of supervised
18 release plus the following special conditions:
19      You must participate in an approved treatment program for
20 anger control.
21      You must submit to a gambling assessment and participate in
22 any recommended treatment.
23      You will submit to a search of your person, property,
24 residence, adjacent structures, office, vehicle, papers,
25 computers, and other electronic communications or data storage

1  devices or media conducted by a U.S. Probation Officer with or
2  without the support of law enforcement, including the United
3  States Marshals Service.
4      You must participate in a program of testing and/or
5  treatment for substance abuse as directed by the probation
6  officer, and you must submit to a mental health evaluation and,
7  if treatment is recommended, participate in approved treatment
8  program and abide by all supplemental conditions.
9      The Court finds that you're unable to pay a fine.  You are
10 ordered to pay a $100 special assessment to the victims'
11 assistance fund, which will be due immediately and payable
12 without interest to the U.S. Clerk of Court for the Southern
13 District of Iowa.
14     You may be seated, sir.
15     You have retained the right to appeal from the sentence
16 that's being imposed today.  You would need to do that within 14
17 days of the entry of judgment, and I anticipate the judgment
18 will be entered yet today.
19     Are there any other matters to come before the Court with
20 regard to Mr. Ballard?
21         MS. HERRERA:  No, Your Honor.
22         MR. BROWN:  No, Your Honor.  Thank you.
23         THE COURT:  All right.  Thank you.
24     Court's in recess.
25         (Proceedings concluded at 10:17 a.m.)

13

## C E R T I F I C A T E

I, Kelli M. Mulcahy, a Certified Shorthand Reporter of the State of Iowa and Federal Official Realtime Court Reporter in and for the United States District Court for the Southern District of Iowa, do hereby certify, pursuant to Title 28, United States Code, Section 753, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated at Des Moines, Iowa, this 3rd day of June, 2019.

/s/ Kelli M. Mulcahy
Kelli M. Mulcahy, CSR, RDR, CRR
Federal Official Court Reporter